UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 13 |
| | ) | |
| THEODORE S. WRIGHT, JR., | ) | CASE NO. 21-8119 |
| | ) | |
| DEBTOR. | ) | HON. JANET BAER |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Friday, October 1, 2021 at 10:00 a.m.**, I will appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, and present the **Motion of the United States Trustee to Dismiss Pursuant to 11 U.S.C. § 1307(c) and for Dismissal with Prejudice Pursuant to 11 U.S.C. § 349(a) Barring Discharge of Debts Subject to Discharge in This Case**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

        */s/ Adam G. Brief*
        Adam G. Brief, Assistant U.S. Trustee
        Office of the United States Trustee
        219 South Dearborn, Room 873
        Chicago, Illinois 60604
        Tel. (202) 503-7104
        adam.brief@usdoj.gov

# **CERTIFICATE OF SERVICE**

I, Adam G. Brief, Assistant U.S. Trustee, certify that on September 1, 2021 I caused to be served copies of the **United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C § 1307(c) and for Dismissal with Prejudice Pursuant to 11 U.S.C. § 349(a) Barring Discharge of Debts Subject to Discharge in This Case** on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

*/s/ Adam G. Brief*

## **SERVICE LIST**

**Registrants Served Through the Court's Electronic Notice for Registrants**

- Lawrence M Karlin    lkarlin@ke-llp.com, deide@ke-llp.com
- Glenn B Stearns    stearns_g@lisle13.com

**U.S. First Class Mail Service List**

- Theodore Sidney Wright, Jr., 4757 W. Montrose Ave., Chicago, IL  60641
- Theodore Sidney Wright, Jr., 65 Baybrook Lane, Oak Brook, IL  60523
- Lawrence M. Karlin, Karlin Associates LLC, 651 W. Washington St., Suite 205 Chicago, IL  60661
- AT&T Bankruptcy Department, PO Box 769, Arlington TX 76004-0769
- Adam Popek, 8292 N. Elmore St, Niles, IL 60714-2414
- Alarm Detection Systems, 111 Church Road, Aurora, IL 60505-1905
- Chicago Dept of Finance, Po Box 6330, Chicago, IL 60680-6330
- City of Chicago, Office of the City Clerk, 121 N. LaSalle St., Room 107, Chicago IL 60602-1266
- Comcast, 41112 Concept Dr, Plymouth MI 48170-4253
- Commonwealth Edison Co, 3 Lincoln Center, Attn: Bankruptcy  Section, Oak Brook Terrace IL 60181-4204
- Daniel St. Marie, 3207 Nottingham, Chicago, IL 60634-4580
- Department of the Treasury, Internal Revenue Service, P.O. Box 7346, Philadelphia PA 19101-7346
- Doctors Direct, Diederich Ins Agency, 112 Airway Dr, Marion, IL 62959-5841
- George Tomaszewicz, 10 Lakewood Dr., Bannockburn, IL 60015-1257
- Karl Kuester, 551 W. 62nd Street, Elmhurst, IL 60126
- Konica Minolta, PO Box 41602, Philadelphia, PA 19101-1602
- Kuber Singh, 1109 Harris Ave, Libertyville, IL 60048
- LabCorp, PO Box 2250, Burlington, NC 27216-2250
- Meditab Software, PO Box 255687, Sacramento, CA 95865-5687
- Optuminsight, Inc., PO Box 84019, Chicago, IL 60689-4019
- Peoples Gas Light & Coke Company, 200 E Randolph Street, Chicago IL 60601-6433
- Ted Gehman, 640 N. West Ave, Elmhurst, IL 60126-1865
- Verizon Wireless, PO Box 489, Newark, NJ 07101-0489
- William Laurino, 5734 N Kingsdale, Chicago, IL 60646-6623
- Glenn B Stearns, 801 Warrenville Road Suite 650, Lisle, IL 60532-4350

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 13 |
| | ) | |
| THEODORE S. WRIGHT, JR., | ) | CASE NO. 21-8119 |
| | ) | |
| | ) | HON. JANET BAER |
| DEBTOR. | ) | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS
PURSUANT TO 11 U.S.C. § 1307(c) AND FOR DISMISSAL
WITH PREJUDICE PURSUANT TO 11 U.S.C. § 349(a) BARRING
DISCHARGE OF DEBTS SUBJECT TO DISCHARGE IN THIS CASE**

Now comes Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Adam G. Brief, and hereby moves this Court to enter an order dismissing the above-captioned Chapter 13 case for cause under 11 U.S.C. § 1307(c) and with prejudice under 11 U.S.C. § 349(a) barring discharge of the debts subject to discharge in this case. In support of his motion, the U.S. Trustee states as follows:

**Jurisdiction**

1. The Court has jurisdiction to hear and determine this motion pursuant to 11 U.S.C § 157(b)(2)(A) and Internal Operating Procedure 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a). The U.S. Trustee makes this motion pursuant to the authority granted to him under 11 U.S.C. § 307 and 11 U.S.C. § 1307(c).

3

**Preliminary Statement**

3. Debtor Theodore Sidney Wright, Jr. (the "Debtor") is a serial bankruptcy filer who was ineligible to be a debtor when he commenced this case pursuant to the self-executing 180-day bar imposed by Section 109(g)(1). Undeterred by that bar, the Debtor filed and engaged in egregious conduct in this case. The record not only supports dismissal for cause under Bankruptcy Code Section 1307(c), but also a bad faith finding under Section 349(a) to support a dismissal with prejudice that would bar discharge of the debts subject to discharge in this case.

4. The Debtor's conduct demonstrates that his intent in filing this case (and his prior dismissed case) was to delay and frustrate his former commercial landlord while hiding behind the automatic stay. Coupled with that conduct is the fact that the Debtor brandished a handgun during a Court hearing and made statements that his landlord interpreted as a threat of bodily harm.

**Background**

*A. The Debtor's Pre-Petition Eviction from his Medical Practice*

5. The Debtor is a doctor who operated a medical practice located at 4757 W. Montrose Avenue, Chicago, Illinois (the "Premises").

6. The Debtor's landlord for the Premises is Paul Khanna (the "Landlord").

7. On February 5, 2021, the Landlord obtained an order of eviction and money judgment against the Debtor in the amount of $307,500. *See* Landlord's Motion for Relief from the Automatic Stay, Case No. 21-06596, Dkt. No. 11, ¶ 7.

8. On April 9, 2021, the Sheriff of Cook County executed the eviction order and on that date removed "all persons from the [Premises]…." *See* Landlord's Motion for Relief from

the Automatic Stay, Case No. 21-06596, Dkt. No. 11, ¶ 8. Also on that date the Landlord changed the locks to the Premises. *Id.*

9. Following the Debtor's eviction, the Landlord agreed to permit the Debtor and his professional movers access to the Premises on May 21, 2021, for the limited purposes of removing the Debtor's medical equipment and records. *See* Landlord's Motion for Relief from the Automatic Stay, Case No. 21-06596, Dkt. No. 11, ¶ 10.

10. On May 21, 2021, the Debtor accessed the Premises, but not for the agreed upon purpose of removing his medical equipment and records. Instead, the Debtor had the locks changed without the Landlord's knowledge and he continued to operate his practice as if he had not already been evicted. *See* Landlord's Motion for Relief from the Automatic Stay, Case No. 21-06596, Dkt. No. 11, ¶ 11.

11. When the Landlord discovered what the Debtor had done on May 21, 2021, the Landlord informed the Debtor that he would contact the Chicago Police Department to have him removed for trespassing. In response, the Debtor indicated that he had filed for bankruptcy protection earlier that day. *See* Landlord's Motion for Relief from the Automatic Stay, Case No. 21-06596, Dkt. No. 11, ¶ 13.

    B.    ***The Debtor's First Failed Chapter 13 Bankruptcy Case***

12. On May 21, 2021, the same day that the Debtor allegedly trespassed in the Premises, he filed a voluntary *pro se* petition for relief under chapter 13 of the Bankruptcy Code, commencing case number 21-06596.

13. The Debtor filed only a bare-bones petition, accompanied by a List of Creditors that identified only two creditors, neither of which was the Landlord. *See* Dkt. 1 at pg 11.

14. The Debtor's Section 341(a) meeting of creditors was scheduled for June 23, 2021. *See* Dkt. 2.

15. On May 24, 2021, the Landlord filed its Motion for Relief from Stay, which was set for hearing on June 4, 2021. *See* Dkt. 11. Therein, the Landlord recited the parties' history with respect to the eviction and Debtor's reentry and possession of the Premises. The Landlord also alleged that any interest the Debtor had in the Premises was terminated pre-petition.

16. On June 3, 2021, the Debtor filed an "objection" to the Landlord's Motion. *See* Dkt. 15. Therein, the Debtor requested additional time to file a written response and to be excused from the hearing on the Landlord's Motion as he had to see patients at his medical practice.

17. On June 4, 2021, the Court entered an order scheduling a hearing on the Landlord's Motion for June 30, 2021, requiring the Debtor to appear and granting the Debtor until June 18, 2021, to file a written response to the Motion. *See* Dkt. 16.

18. As of June 10, 2021, some 20 days after the petition date, the Debtor had not filed any schedules, statements or a chapter 13 plan. Thus, on that date the chapter 13 Trustee filed a "Motion to Dismiss for Failure to File a Plan and for Failure to File Required Documents Under Section 521." *See* Dkt. 18. The Trustee's Motion to Dismiss was scheduled for presentment on June 18, 2021.

19. As of the June 18, 2021, the Debtor had failed to file a written response to the Landlord's Motion, or any schedule, statement or a chapter 13 plan. On that date, the docket reflects that the Trustee's Motion to Dismiss was continued to June 25, 2021.

20. The Debtor failed to appear for his Section 341(a) meeting of creditors scheduled for June 23, 2021. *See* Dkt. 21.

6

21. On June 25, 2021, the Court granted the Trustee's Motion to Dismiss based upon the Debtor's failure to file a chapter 13 plan and documents required by Bankruptcy Code Section 521. *See* Dkt. No. 22.

22. Thereafter, on June 30, 2021, the Court entered an order Mooting the Landlord's Motion for Relief from Stay given the prior dismissal of the case. *See* Dkt. 23.

### C. *Immediately Following Dismissal, the Debtor Files Another Chapter 13 Petition*

23. Just days after the Debtor's first case was dismissed due to his failure to file any schedules, statements or a chapter 13 plan, he filed another *pro se* petition under chapter 13 on July 6, 2021, under case number 21-08119. Unlike with his first case, this time the Debtor filed schedules and statements with his petition.

24. Certain of the Debtor's responses in his petition and schedules are relevant to the Debtor's lack of good faith in this case[1]. By way of example and not limitation,

    a. In response to Part 6 of the Petition, the Debtor estimated his liabilities to be between "$1,000,001 and $10 million." However, the Debtor's Schedule E/F is woefully incomplete and lacks claim amounts, thereby making it impossible to assess the Debtor's eligibility to be a debtor under chapter 13 given the debt limitations imposed by Bankruptcy Code Section 109(e).

    b. Although filed just over one month after his first case, the List of Creditors included with the petition was substantially longer than the one in the prior case, calling the veracity of one or both of those lists into question. Notably, once again the Debtor failed to include the Landlord or the Landlord's counsel as a creditor in his case.

    c. The Debtor's Schedule A/B strains credulity in that the Debtor disclaimed ownership of *any* "household goods or furnishings," "electronics," "firearms," clothes," "jewelry," and "any other personal and household items …" *See* Dkt. 1, Schedule A/B, at pg. 14 of 45.

---

[1] It does not appear that the Debtor signed and filed declarations attesting to the veracity of his schedules and statements. The Debtor did sign his petition under the penalty of perjury.

    d.    In response to question 10 on Schedule A/B, the Debtor disclaimed an interest in any "non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture." However, in response to question 4 on his petition, the Debtor disclosed his medical practice named "TS Wright MD – Occ Med and Family Practice."

    e.    In response to question 27 on Schedule A/B, the Debtor disclosed that he has a medical license. During a July 9, 2021, hearing before the Court, the Debtor displayed a concealed carry permit for a firearm (that he also brandished yet disclaimed owning). To the extent question 27 covers firearm permits, the Debtor failed to disclose same.

    f.    In response to Part 5 on Schedule A/B, calling for the disclosure of business-related property, the Debtor disclaimed all such categories. The existence of the Debtor's medical practice may belie the veracity of these responses.

    g.    Schedule E/F is woefully incomplete and does not even contain all the creditors identified on the List of Creditors included with the petition.

    h.    Schedule I contains a gross income figure of $10,000 and does not reflect any deductions. However, the Debtor's Chapter 13 Statement of [his] Current Monthly Income and Calculation of Commitment Period" form, at Dkt. 7, reflects a vastly different gross income figure and numerous deductions not reflected on Schedule I.

    i.    Schedule J reports only a single expense for rent/mortgage, and nothing else whatsoever.

    j.    While the Debtor filed a statement of financial affairs, he did not respond to a single question therein.

25. On the July 6th petition date, the Landlord renewed its Motion for Relief from Stay that was mooted by dismissal of the Debtor's first case. That motion was scheduled for presentment on July 9, 2021. *See* Dkt. 12.

26. On July 9, 2021, the Court conducted a hearing on the Landlord's Motion for Relief from Stay. The Debtor and the Landlord's counsel each appeared *via* Zoom for Government. As the hearing progressed, the Debtor displayed a document he described as his concealed carry permit, brandished a handgun, and stated words to the effect that he was always

8

armed. The Court immediately admonished the Debtor for his conduct. Returning to the substance of the hearing, the Court then granted the Landlord's Motion for Relief from Stay. *See* Dkt. 17.

27. Later that same day, on July 9, 2021, the Landlord filed a Motion for Civil Contempt against the Debtor based upon his conduct during the hearing earlier that day. *See* Dkt. 16. That matter has been continued to October 1, 2021.

28. In the meantime, the chapter 13 Trustee filed two Motions to Dismiss the Debtor's case based upon his failure to file required documents under Bankruptcy Code Section 521 and for unreasonable delay for failing to appear at the Section 341(a) meeting of creditors, and to provide tax returns and pay advices. Those matters have been continued to October 1, 2021. *See* Dkts. 18 and 23.

29. On August 16, 2021, the Debtor filed a "Notice of Motion to Voluntarily Dismiss Debtor Bankruptcy and Motion to Extend Time Retain Counsel to Respond to Motion for Contempt." In relevant part, the Debtor explains that he seeks dismissal because he cannot find counsel to represent him in his bankruptcy case. This document was erroneously filed in the Debtor's previously dismissed chapter 13 case. *See* Case No. 21-06596, Dkt. 25.

## Argument

### Point I

***The Debtor's Case Should be Dismissed
for Cause Under 11 U.S.C. § 1307(c), and/or because the
<u>Debtor was Ineligible to be a Debtor under the Bankruptcy Code</u>***

30. The Debtor's case should be dismissed for cause under 11 U.S.C. § 1307(c) because the Debtor did not file in good faith. In addition, the Debtor was not eligible to commence this case under Section 109(g)(1). Therefore, the case should be dismissed.

9

### A. Applicable Law

31. Pursuant to 11 U.S.C. § 1307(c), the Court may dismiss a case for "cause." It is settled that "lack of good faith is sufficient cause for dismissal under chapter 13." *In re Tabor*, 583 B.R. 155, 182 (Bankr. N.D. Ill. 2018) (J. Barnes) (quoting *In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992)). In examining a debtor's good faith, bankruptcy courts are instructed to consider the totality of the circumstances on a case-by-case basis, and should consider the following non-exhaustive factors:

> The nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding, the timing of the petition, how the debt arose, the debtor's motivation in filing the petition; how the debtor's actions affected creditors, the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

*Id.* (*quoting In re Love*, 957 F.2d at 1355, 1357).

32. Five of *In re Love* factors are present in this case, and they compel the conclusion that the Debtor lacked good faith in filing this case and that dismissal for cause is warranted.

### C. Application of the In re Love Factors Compels Dismissal

33. First, the timing of the petition favors dismissal. The Debtor's first case was filed after the Debtor was evicted and lost any lawful possession of or interest in the Premises. That case was dismissed based upon the Debtor's failure to prosecute it. Then just days after dismissal, the Debtor filed the instant case. Upon information and belief, the Debtor did not have any meaningful change in circumstances during the brief interval between his cases that would mitigate the fact of his serial filing. Rather, the timing of this case demonstrates that the Debtor refiled quickly to gain the protection of the automatic stay. *See In re Herrera*, 194 B.R. 178, 187 (Bankr. N.D. Ill. 1996) ("the main effect of a serial filing is to achieve a continuing reimposition of the automatic stay, with attendant delay in the exercise of creditors' rights and remedies").

10

34. Second, the Debtor's motivation in filing the petition also favors dismissal. The record in this case, along with the Debtor's prior case, support the conclusion that this case was filed solely as a means to delay and frustrate the Landlord's ability to possess the Premises and collect on the $307,500 judgment entered against the Debtor in April 2021. Notably, while the Debtor has failed to prosecute this case, he opposed the Landlord's Motion for Relief from Stay at the July 9, 2021, hearing. Those facts evidence the Debtor's motivation in this case. Case law suggests that this factor alone may warrant a finding of cause for dismissal:

> However, when a case has been filed only for the purpose of inhibiting or forestalling a foreclosure action on the debtor's assets without the intention of financial rehabilitation, the case should be dismissed as having been filed in bad faith. *See McKissie,* 103 B.R. at 192; *Earl,* 140 B.R. at 739–40; *see also Dami,* 172 B.R. at 10 ("Where the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose, bad faith exists."); *In re Eatman,* 182 B.R. 386, 392 (Bankr.S.D.N.Y.1995) (Serial filings can be evidence of bad faith, as are petitions filed to forestall creditors.).

*In re Herrera*, 194 B.R. at 187–88. Accord, *In re Tabor*, 583 B.R. at 182-185 (citations omitted), where Judge Barnes surveys case law providing ample support for the proposition that filing a bankruptcy case solely for the automatic stay or to delay a creditor are not acceptable.

35. Third, the Debtor's action negatively affected the Landlord. The Debtor's actions have frustrated the Landlord's ability to possess the Premises, despite the fact that the Debtor was lawfully evicted prior to either bankruptcy filing. The Debtor's actions have also frustrated the Landlord's ability to collect on its judgment against the Debtor. Moreover, the Debtor's actions have caused the Landlord to incur the expense of twice having to move for stay relief and having to appear at numerous hearings. Finally, because the Debtor brandished a handgun during the hearing on the Landlord's Motion for Stay Relief, the Landlord has been negatively affected. In addition to being affected by the apparent threat made by the Debtor, the Landlord felt compelled to move for civil contempt, causing a further expenditure of time and money.

36. Fourth, the Debtor's treatment of creditors (particularly the Landlord) both before and after the petition was filed favors dismissal. Prior to the Debtor's first bankruptcy case in May 2021, he allegedly gained access to the Premises by false pretenses. According to the Landlord's Motion for Relief from Stay, while the Landlord granted the Debtor limited access so his movers could remove his equipment and property, the Debtor instead changed the locks without permission and continued to carry on his medical practice as if he had not been evicted. That conduct appears to trample on the Landlord's rights.

37. Post-petition, the treatment of the Landlord did not improve. The Landlord has been dragged into a series of bankruptcy cases by the Debtor's serial filing with the delay, cost and frustration that comes along with multiple failed cases for the Landlord. Exacerbating what already is an unenviable position for the Landlord is the fact that during a hearing on the Landlord's Motion for Stay Relief, the Debtor brandished a handgun and explained that he was always armed. The Landlord considered that a threat of bodily harm, which must fall within the category of negative treatment.

38. Finally, the Debtor has not been forthcoming with the Court and the creditors. As set forth more fully in paragraph 24 herein, the Debtor has evidenced a reckless disregard for the truth in this case. *See e.g., In re Bouchard*, 560 B.R. 385, 395 (Bankr. D.R.I. 2016) ("a debtor's reckless disregard for the accuracy of his or her schedules can constitute bad faith.")(citations omitted). This factor is indicative of a lack of good faith.

39. The foregoing factors support the conclusion that the Debtor lacked good faith in filing this case, and that cause exists for dismissal under Bankruptcy Code Section 1307(c).

### C. The Debtor is Ineligible to be debtor pursuant to 11 U.S.C. § 109(g)(1)

40. In addition to and notwithstanding the foregoing, dismissal is warranted because the Debtor is ineligible to be a debtor based upon the restriction imposed by Bankruptcy Code Section 109(g)(1).

41. Pursuant to Section 109(g)(1), "no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case..." 11 U.S.C. § 109(g)(1); *see also e.g., In re Strongs*, 569 B.R. 40, 45-46 (Bankr. E.D. N.C. 2017); *In re Hererra,* 194 B.R. at 188. "Section 109(g) is self-effectuating." *In re Class A Properties Five, LLC*, 600 B.R. 27, 37 (Bankr. N.D. Ill. 2019) (citation omitted).

42. The Debtor's first case was dismissed on June 25, 2021, based upon the Debtor's "plain indifference" to his obligations as a debtor under the Bankruptcy Code. *See In re Strongs*, 569 B.R. at 45-46 ("a willful failure…necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated 'plain indifference.'"). The Debtor failed to file schedules and statements, failed to file a chapter 13 plan, and failed to appear at his Section 341(a) meeting of creditors. At the very least, the chapter 13 Trustee's Motion to Dismiss put the Debtor on notice of his obligations, yet he failed to comply with same.

43. Just over one week after dismissal for the Debtor's willful failure to appear before the court in proper prosecution of the case, he commenced the instant case. In light of the 180-day bar imposed by Bankruptcy Code Section 109(g)(1), the Debtor is ineligible to be a debtor in this case, therefore warranting dismissal.

### Point II

#### *The Debtor's Case Should be Dismissed With Prejudice Under 11 U.S.C. §349(a) Barring Discharge of Debts Dischargeable in this Case*

44. The Debtor's case should be dismissed with prejudice under 11 U.S.C. 349(a) barring the Debtor from discharging any debt that is dischargeable in this case.

45. Under Section 349(a), a court for cause can order dismissal with prejudice, barring the discharge of debts that are subject to discharge in the dismissed case. *See In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002)*; see also In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997). "Generally, only if a debtor engages in egregious behavior that demonstrates bad faith and prejudices creditors—for example, concealing information from the court, violating injunctions, or filing unauthorized petitions—will a bankruptcy court forever bar the debtor from seeking to discharge then existing debts." *Id.*, (citations omitted). The Debtor must have notice and an opportunity for hearing given the nature of this relief. *See In re Duran*, -- B.R. --, 2021 WL 3186117, *7 (9th Cir. BAP July 27, 2021).

46. A showing of lack of good faith sufficient for dismissal under Section 1307(c) does not satisfy the bad faith required for a dismissal with prejudice under Section 349(a). *See In re Duran*, 2021 WL 3186117, *6-7. Instead, a showing of "egregious behavior" is warranted. *Id*. (citing *In re Leavitt,* 209 B.R. 935 (9th Cir. BAP 1997)). In *In re Duran*, the court identified four factors that inform a court's decision on a bad faith totality of the circumstances analysis. *Id*. at *7. They are:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present.

*Id.*, quoting *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999).

47. In this case, the facts give rise to a bad faith totality of the circumstances finding. First, the Debtor exhibited a reckless disregard for the truth in filing his petition and schedules. *See* paragraph 24 herein. The Debtor's failure to disclose his assets, liabilities and matters relating to his financial affairs completely, truthfully and accurately suggests an unfair manipulation of the Bankruptcy Code. The Debtor's *pro se* status does not afford him latitude with the veracity of his filings. Moreover, the Debtor filed his petition "in an inequitable manner" because after he gained access to the Premises post-eviction by false pretenses, he immediately commenced his first bankruptcy case to hide behind the automatic stay.

48. The history of the Debtor's filings and dismissals also favors a bad faith finding. This is the Debtor's second chapter 13 case since May 2021, a case that the Debtor was not eligible to file under Section 109(g)(1). The Debtor's first case lasted roughly one month, and the Debtor took no action whatsoever to prosecute that case. The Debtor did not substantively respond to the Landlord's Motion for Stay Relief or the chapter 13 Trustee's Motion to Dismiss, suggesting that the Debtor lacked the factual basis to do so. In this case, the Debtor's conduct suggests a lack of intent to prosecute his case. Notably, the Debtor failed to file a chapter 13 plan or appear for his Section 341(a) meeting of creditors. There was no apparent change in circumstances between the Debtor's cases, further suggesting that this case was a mere continuation of his first case.

49. The record in these cases suggest strongly that the Debtor's repeat filings are intended for the sole purpose of frustrating the Landlord's eviction of the Debtor and its collection on the $307,500 judgment it obtained against the Debtor. The eviction action was

concluded prior to the Debtor's first filing, but the filings impeded the Landlord's ability to enjoy possession of the Premises (to which it is legally entitled) and its enforcement efforts.

50. Finally, egregious behavior is present. On July 9, 2021, the Court conducted a hearing on the Landlord's Motion for Relief from Stay. The Debtor and the Landlord's counsel each appeared *via* Zoom for Government. As the hearing progressed, the Debtor displayed a document he described as his concealed carry permit, brandished a handgun, and stated words to the effect that he was always armed. Under no circumstances is it appropriate for a litigant to display a weapon during a court hearing, or to make statements that another may interpret as a threat of bodily harm. That exceeds the bounds of tolerated conduct and must be deemed egregious.

51. Based upon the foregoing, the record supports a finding of bad faith for purposes of Section 349(a). As such, the Court should dismiss the Debtor's case with prejudice, barring the discharge of debts that are subject to discharge in the dismissed case.

## Conclusion

WHEREFORE the United States Trustee respectfully requests that the Court dismiss the Debtor's case with prejudice barring the discharge of debts that are subject to discharge in this dismissed case, and grant any further relief that the Court deems just and proper.

Dated:  September 1, 2021              RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

*/s/ Adam G. Brief*
Adam G. Brief, Assistant U.S. Trustee
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, Illinois 60604
Tel. (202) 503-7104
adam.brief@usdoj.gov

16